GEORGE A. WASHBURN vs. JAMES J. WALWORTH & others.

Bristol.  Oct. 26. — Nov. 7, 1882.  LORD & C. ALLEN, JJ., absent.

A partner, who retires from the partnership before the first day of May, and thereafter takes no part in the management of its affairs, and retains no interest in its property, is not liable, under the Gen. Sts. c. 11, § 15, for a tax assessed on that day upon the personal property of the partnership; and the fact that no notice was given by the retiring partner of the dissolution of the partnership does not affect his liability.

In an action for taxes assessed by a city upon the personal property of a partnership, evidence that the defendant had retired from the firm before the tax was assessed, and thereafter retained no interest in the firm or in the property taxed, is admissible under a general denial in the answer.

MORTON, C. J.  This is an action brought by the collector of taxes of the city of Taunton, against the defendants as copartners under the style of the Dighton Tube Works, to recover the taxes upon personal property assessed to the Dighton Tube Works for the years 1875 and 1876.  The defendants Gavitt and Crosby were defaulted, and the other four defend the suit. It appeared at the trial, that all the defendants were in 1874 copartners under the style of the Dighton Tube Works, carrying on business in Taunton, and paid the tax assessed upon the partnership in that year.  On April 21, 1875, the four defendants who defend the suit sold and transferred all their interest in the partnership to Gavitt and Crosby, who continued to carry on the business under the same name.  The said four defendants then withdrew from the firm, and thereafterwards took no part in the management of its affairs, and had no interest in its property.

This statement of the case shows that they are not liable for the taxes assessed to the firm on May 1, 1875, or afterwards.  By the statutes, partners in business may be jointly taxed, under their partnership name, in the place where their business is carried on, for all the personal property employed in such business, except ships or vessels; and, when so jointly taxed, each partner shall be liable for the whole tax.  Gen. Sts. c. 11, § 15.  Pub. Sts. c. 11, § 24.  Under these provisions, it is clear that, when a city or town assesses a tax upon property of a partnership under the partnership name, only

those persons are liable for the tax who are partners and owners of the property on the first day of May, when the tax is assessed. No other persons fall within the terms of the statute.

The plaintiff contends that, as the retiring partners neglected, when they withdrew from the firm, to give notice to the city of Taunton of the dissolution, they continued liable as partners for the taxes assessed after the dissolution. But the statute does not so provide, and we know of no principle upon which this can be held to be the law.

It is true that, in many cases, where a partnership is dissolved by the voluntary act of the parties, the retiring partners, if they neglect to give notice of the dissolution, may be liable to those subsequently dealing with the firm in ignorance of the dissolution. This rests upon the principle, that the retiring partners are guilty of negligence in not giving notice, and that they thus induce persons dealing with the firm to infer that the partnership continues, and to give faith and credit to the firm in consequence of such belief. But this principle is not applicable in the case at bar. The defendants owed no duty to the city to give it notice of the dissolution. A tax is not a contract, but an arbitrary imposition. The city had no dealings with the firm, so that the partners were required in the exercise of good faith to notify it of any change. It gave no credit to the firm, but simply levied a tax upon the firm's property. There was no act, of commission or omission, of the partners which affected its action, or which could operate to estop the retiring partners to deny that they were members of the firm.

It is also clear that this defence was open under the answer. The dissolution of the old firm is not matter in discharge or avoidance of the plaintiff's cause of action. He was required to allege and prove, as one of the facts necessary to make out his case, that the several defendants were partners in the firm when the tax was assessed. Proof of a dissolution before that time, and that the retiring partners retained no interest in the firm or the property taxed, directly met and controlled this allegation, and was therefore admissible under a general denial. *Hill* v. *Crompton*, 119 Mass. 376.

We are therefore of opinion, that, upon the facts proved, the Superior Court rightly ruled that the plaintiff was not entitled to maintain this action against the retiring partners.

*Exceptions overruled.*

*C. A. Reed & J. H. Dean,* for the plaintiff.
*G. E. Williams & L. L. Scaife,* for the defendants.